

## ORDER

PER CURIAM.

AND NOW, this 7th day of August, 1998, the Petitions for Allowance of Appeal are granted, limited to the following issue:

Does Polyclinic Medical Center operate entirely free from private profit motive as required by *Hospital Utilization Project v. Commonwealth of Pennsylvania*, 507 Pa. 1, 487 A.2d 1306 (1985), for purposes of tax-exempt status?

This case is consolidated with *Wilson Area School Distr., et al. v. Easton Hospital*, —— Pa. ——, 713 A.2d 1143, for purposes of oral argument. The Cross–Petition for Allowance of Appeal is denied. The Motion to File Answer to Brief in Opposition to Petition for Allowance of Appeal is granted.

*wealth of Pennsylvania*, 507 Pa. 1, 487 A.2d 1306 (1985), for purposes of tax-exempt status?

This case is consolidated with *Pinnacle Health Hospitals v. Dauphin County Bd. of Assessment Appeals, et al.*, —— Pa. ——, 713 A.2d 1142, for purposes of oral argument.

■

**COMMONWEALTH of Pennsylvania,**
**Respondent,**

v.

**Joseph M. CLECKLEY, Jr., Petitioner.**

Supreme Court of Pennsylvania.

Aug. 14, 1998.

John J. Petrush, Jr., Beaver, for petitioner.

## ORDER

PER CURIAM.

AND NOW, this 14th day of August, 1998, the Petition for Allowance of Appeal is granted limited to the question:

"When an otherwise illegal search is sought to be validated on the basis of purported consent, must the court employ a waiver analysis, as opposed to a simple 'voluntariness' standard."

■

**WILSON AREA SCHOOL DISTRICT,**
**Borough of Wilson, and Northampton County, Petitioners,**

v.

**EASTON HOSPITAL, Respondent.**

Supreme Court of Pennsylvania.

Aug. 7, 1998.

Donald F. Spry, II, Bangor, for petitioner.

## ORDER

PER CURIAM.

AND NOW, this 7th day of August, 1998, the Petition for Allowance of Appeal is granted, limited to the following issue:

Does Respondent operate entirely free from private profit motive as required by *Hospital Utilization Project v. Common-*